# CASES

# THE COURT OF CHANCERY

## OF THE STATE OF NEW JERSEY.

### MAY TERM, 1875.

---

STEVENS' EXECUTRIX *vs.* STEVENS' EXECUTORS and others.

A cross-bill filed by leave of the court, merely for the purpose, so far as certain of the defendants are concerned, of presenting positively and distinctly the issues which such defendants themselves intended to present by their answer in the original suit, although the pleadings were not apt for that purpose, and the complainant in such cross-bill seeking no relief against those defendants which was not before sought in behalf of another party as against them in the pleadings in the original suit, is not liable to demurrer by such defendants.

---

On demurrer to cross-bill.

*Mr. B. Williamson,* and *Mr. Walter L. Clarkson,* of New York, for the demurrer.

*Mr. R. Gilchrist,* contra.

THE CHANCELLOR.

The history of this suit is given, and the occasion and object of the cross-bill or information demurred to, are stated, in *Stevens' Executrix* v. *Stevens' Executors,* 9 *C. E. Green* 77. The demurrants are Mary S. Sands and others, heirs-at-law of Robert L. Stevens, deceased. By the demurrer, they seek

a determination of the question, whether the resolution of Congress, passed in 1862, by which the United States released and conveyed their right, title, and interest in and to the Stevens battery to the heirs-at-law of Robert L. Stevens, deceased, or their legal representatives, did not vest the title to the battery in the heirs-at-law of Robert L. Stevens, notwithstanding the fact that the property was personal. In fact, the demurrants seek by means of their demurrer to the cross-bill, to obtain an adjudication in this cause, of that which is the principal matter in controversy, not only between them and the state, but also between them and the executors and residuary legatees of Edwin A. Stevens. Were the state, by the cross-bill, seeking as against the demurrants substantive relief not before sought in the cause against them in the interest of the state, or in the interest of those under whom it claims, the cross-bill might have been demurred to in respect to such new claim for relief. But when the object and purpose of the cross-bill are considered, it is clear that this demurrer will not lie. The history of the case makes this all the more obvious. The original bill was filed December 21st, 1868, by the executrix of Edwin A. Stevens and her children, against her co-executors, Mary P. Garnett, (the daughter of Edwin A. Stevens by a former wife,) one of his heirs-at-law and residuary legatees, and the Attorney-General. It sought a construction of the will of Edwin A. Stevens, and directions. It denied that the state had any right to the battery. On the 11th of September, 1871, the complainants in that bill filed a bill supplemental thereto, in which, among other things, the resolution above referred to was set out, and the claim distinctly made that, under the will of Robert L. Stevens, the title to the battery passed to Edwin A. Stevens as his residuary legatee. To this bill the commissioners appointed by the legislature of this state to represent the state in the sale of the battery, the executors of Edwin A. Stevens, Mary P. Lewis, (at the filing of the original bill, Mary P. Garnett,) and her husband, and the Attorney-General, and the Governor of this state were made parties. Among other

things, it prayed that the net proceeds of any sale of the battery might fall into and become a part of the residuary estate which passed under the will of Edwin A. Stevens to his widow and children. It denied, on new grounds, all right of the estate to the battery. The executors filed their answer to this bill on the 5th of January, 1872, distinctly setting up the title of the estate of Edwin A. Stevens to the battery, as against the present demurrants and others, heirs-at-law of Robert L. Stevens. After stating who were the heirs-at-law of Robert L. Stevens at the time of his death, it proceeds as follows : " These defendants have been informed and advised, and they charge the truth to be, that none of the said heirs of Robert L. Stevens, by virtue of the said joint resolution of Congress, or otherwise, now have, or ever had, any right, title, or interest, legal or equitable, in or to the said battery ; but if, in the opinion and judgment of this honorable court, these defendants shall have been misinformed and under an erroneous opinion and belief as to the interest and estate of the said heirs of the said Robert L. Stevens in and to said battery, by virtue of the said joint resolution of Congress, then, and in that case, these defendants wish and pray that the said heirs of the said Robert L. Stevens, deceased, may be made defendants in or parties to this suit ; and that their rights and interests in the said battery may be considered and finally decided in this suit ; and that, if that cannot be done, as said cause now is, that the said original and supplemental bills may be dismissed or amended, to the end that such proceedings may be had hereafter, as will finally and conclusively determine who are the owners, in law and in equity, of the said battery, and what final disposition shall be made thereof by these defendants, as executors and trustees as aforesaid. And these defendants, in further answering, respectfully submit that, in case it shall be determined that said persons last hereinbefore named, as the heirs of Robert L. Stevens, other than Edwin A. Stevens, by virtue of the said joint resolution of Congress of the seventeenth of July, eighteen hundred and sixty-two, have any right, title, interest, or estate in or

to the said battery, that then, and in that case, they are and can be only entitled, in the event of the sale of said battery, to such proportion of the proceeds of sale, as the whole product of said battery, at a sale thereof, shall bear to the whole cost of said battery up to the time of the final sale thereof."

On the 5th of April, 1872, the supplemental bill was amended by making these demurrants, and others, heirs-at-law of Robert L. Stevens, deceased, parties defendant thereto, and on the 20th of January following, these demurrants filed their answer to the supplemental bill as amended. The answer denies that Edwin A. Stevens ever had any right, title or interest in or to the battery, except as one of the heirs-at-law of Robert L. Stevens, deceased. After giving the history of the battery, and stating the expenditures made by the United States thereon, and averring that the United States had the right, at their pleasure, to sell or otherwise dispose of the battery, it states that as Robert L. Stevens was dead, and as he had expended some money and contributed much labor and time under the contracts made by him with the government for the construction of the battery, and the United States being unwilling to expend any more money, and, at the same time, being willing to do ample justice to him, the joint resolution above mentioned was passed. The answer alleges that after the passage of the resolution, the battery was not, and never has been moved from the place in which it was commenced. It admits that Edwin A. Stevens, immediately after the passage of the resolution, (but the answer alleges that it was without the consent of the respondents or either of them,) took charge of the battery, and it admits that it may be true that he spent some money thereon, but the respondents allege that it was with full knowledge of the resolution. That his executors after his death made expenditures thereon is also admitted, but the answer insists that no right or title was acquired thereby, and it further insists that the right of the respondents was not impaired or affected by such expenditures. It denies that Edwin A. Stevens had any right to dispose of the battery by his will, except as he might

have disposed of his interest as one of the heirs-at-law of Robert L. Stevens, thereby, and the respondents insist that they had no knowledge of the expenditures made by him and his executors thereon, and that these expenditures constitute no lien on the battery, and should not be allowed; and further, that Edwin A. Stevens having taken possession of the battery, and converted it to his own use, his executors should account to the respondents and the other heirs-at-law of Robert L. Stevens, for their shares of the value, or the vessel should be sold and the proceeds accounted for. The respondents submit, that at least the United States had a lien on the battery for the amount advanced by the government therefor, with interest, and, that, under the resolution, this passed to the heirs-at-law of Robert L. Stevens, or their legal representatives; and, that, seeing that Edwin A. Stevens had taken possession of and disposed of the battery, by his will, his estate should account accordingly to them and the other heirs-at-law of Robert L. Stevens, for their shares of the advances of the United States, and interest; and that those shares and interest should be declared by this court to be the first lien on the battery. By the answer, the respondents expressly say that they are willing to submit their rights to the determination of this court in this suit, and that a decree should be made therein, finally settling the rights of all parties thereto.

The cross-bill was filed on the 21st of July, following. Its object was, in the first place, to present the questions intended to be raised under the existing pleadings, distinctly and unequivocally, so as to secure the adjudication of the court thereon; and, in the next place, to obtain a speedy determination of certain of those questions which might and would be determined without testimony, and which, if determined either in favor of or adversely to the state, would render it unnecessary for the state to offer testimony in the cause, and thus great expense would be avoided. The filing of the cross-bill for those purposes was approved of by the court, and leave was given accordingly. *Stevens' Ex'x* v. *Stevens' Ex'rs, ubi supra.* It was there said, that "the proceedings

without the information were neither apt nor complete for the determination of the questions involved in the controversy as regards the battery, and it would have been the duty of the court to exercise its formative power to effect a final and effectual adjudication on the subject. To that end, if the information had not been filed, it might and probably would, as a proper if not necessary preliminary to a decree, have directed, when the cause should have come before it for judgment, that such an information be filed in behalf of the state."

A bill filed by the direction of this court, for the purpose of obtaining its decree touching some matter not in issue by a former bill, or not in issue between the proper parties, does not seem, says Mitford, liable to any peculiar cause of demurrer. Indeed, being exhibited by order of the court, upon hearing of another cause, there is little probability that such a bill should be liable in substance to any demurrer. *Mitford's Pl.* 203 ; *Story's Eq. Pl.*, § 633. The cross-bill is a mere auxiliary of the original suit, filed by leave of the court, merely for the purpose, so far as the demurrants are concerned, of presenting positively and distinctly the issues which the demurrants themselves intended to present by their answer in the original suit, although the pleadings might not be apt for the purpose, (for that is the effect of the submission contained in the answer) ; and the complainant in the cross-bill seeking no relief as against the demurrants, which was not before sought in behalf of the state, as against them in the pleadings in the original suit, this bill should not be subject to demurrer on the part of these demurrants. The object and purpose of the demurrer are to raise and decide the important question of the construction of the resolution of 1862, on an issue to which the claimants of the battery, other than the state, under the will of Edwin A. Stevens, are not parties, and on which they are not heard. If it were sustained, the effect would be to dismiss the cross-bill as to the demurrants, on the ground that, by the joint resolution of Congress, the heirs-at-law of Robert L. Stevens became the owners of the

battery. That adjudication would not be binding on the executors and residuary legatees of Edwin A. Stevens, who are not parties to the demurrer. As to them, the question can only be disposed of on the hearing.

The demurrer will be overruled, with costs.